IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

| | | |
|---|---|---|
| AMERITOX, LTD., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 3:13-cv-00832-wmc |
| v. | ) | |
| | ) | |
| MILLENNIUM LABORATORIES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## JOINT PRELIMINARY PRE-TRIAL CONFERENCE REPORT

After meeting and conferring pursuant to Rule 26(f) on December 23, 2013, Plaintiff, Ameritox, Ltd. ("Ameritox") and Defendant, Millennium Laboratories, Inc. ("Millennium") hereby submit the following Joint Preliminary Pretrial Conference Report in anticipation of the Telephone Preliminary Pretrial Conference set for January 3, 2014, at 1:00 p.m.

**Parties' Proposed Scheduling and Discovery Plan**

The parties submit the following proposal for a discovery plan under Fed. R. Civ. P. 26(f), presented in as close to a chronological fashion as possible. The parties have agreed on most proposed deadlines, but have a few areas of disagreement, as to which the parties have provided the Court with separate proposals:

| Event | Proposed Date |
|---|---|
| Exchange of Rule 26(a)(1) Disclosures | January 14, 2014 |
| Deadline to Establish Standing to Assert the Patents-in-Suit | **Plaintiff's Proposal:** Plaintiff believes this deadline is unnecessary given the context of this action. Plaintiff's position regarding standing has already been set forth in extensive briefing that took place prior to the case being transferred. Moreover, Defendant has already indicated that it intends to raise the issue of standing and joinder before the Court in the near future. |
| | **Defendant's Proposal:** Defendant believes that this deadline is important to maintain given the dispute between the parties as to Plaintiff's standing to bring this lawsuit. Defendant proposes January 17, 2014 as the deadline. |
| Plaintiff's Infringement Contentions | Completed |
| Defendant's Invalidity Contentions | March 3, 2014 |
| Deadline to amend pleadings | **Plaintiff's Proposal:** No discovery has yet been taken in this matter, so Plaintiff proposes a June 30, 2014 deadline to amend pleadings. Additionally, amendments arising from the resolution of the pending reexaminations of the patents-in-suit should be permissible without leave of Court within 45 days following the issuance of each patent's respective reexamination certificate. |

- 3 -

| Event | Proposed Date |
|---|---|
|  | **Defendant's Proposal:** Other than amendments due to resolution of the pending reexaminations of the patents-in-suit, no further amendments should be permitted without requesting leave from the Court. The prior deadline to amend has passed. |
| Exchange of Claim Terms for Construction | May 20, 2014 |
| Exchange of Proposed Claim Constructions | June 10, 2014 |
| Disclosure of Reliance on Advice of Counsel | June 17, 2014 |
| Responses to Proposed Constructions; Last Day to Amend or Supplement Proposed Constructions | July 1, 2014 |
| Disclosure of Proponent's Liability Expert Reports | September 15, 2014 |
| Disclosure of Respondent's Liability Expert Reports | October 15, 2014 |
| Dispositive Motion Deadline | December 22, 2014 |
| Responses to Dispositive Motions | January 17, 2015 |
| Replies for Dispositive Motions | January 27, 2015 |
| Disclosure of Proponent's Expert Report on Damages Issues | February 20, 2015 |
| Disclosure of Respondent's Expert Report on Damages Issues | March 14, 2015 |
| Discovery Cut-Off | April 4, 2015 |
| Pretrial Disclosures, Motions in Limine, and Settlement Letter | May 15, 2015 |
| Objections to Pretrial Disclosures and Motions in Limine | May 29, 2015 |
| Final Pretrial Conference | June 11, 2015 |
| Trial | June 22, 2015 |

**OTHER INFORMATION REQUESTED IN STANDING ORDER**

In addition to the above discovery plan proposals, the parties submit the following as a joint preliminary pre-trial statement to the Court:

**1.** *Nature of the Case*

This is an action for patent infringement. Plaintiff Ameritox seeks an injunction and damages due to the alleged infringement of U.S. Patent Nos. 7,585,680 ("the '680 patent") and 7,785,895 ("the '895 patent") (together, "the patents-in-suit").

Defendant Millennium denies that it infringes the patents-in-suit and affirmatively contends that the patents-in-suit are invalid and/or unenforceable.

**2.** *Related Cases*

Ameritox and Millennium have previously been and are currently adversaries in several other litigations. Although no other litigation directly addressed Millennium's alleged infringement of, or the alleged invalidity of, the patents-in-suit, prior litigation between the parties in a false advertising action brought by Millennium in the District of Maryland involved some discovery on similar issues and is likely to be relevant here. See Millennium Laboratories, Inc. v. Ameritox, Ltd., Civil Action No. 10-cv-3327-BEL (D. Md.).  For example, that case involved, among other things, discovery regarding the technology employed by Ameritox, including some document production by and a deposition of the Marshfield Clinic ("Marshfield"), owner of the patents-in-suit.  Because much of that discovery may have relevance to this case, the parties already have entered into a Stipulation and Agreed Order Regarding Discovery whereby all discovery produced in Millennium Laboratories, Inc. v. Ameritox, Ltd., Civil Action No. 10-cv-3327-BEL (D. Md.), including but not limited to document productions and fact depositions, has been deemed to have been produced in this case.  See D.E. 37; see also D.E. 31.

Moreover, the patents-in-suit are currently undergoing *ex parte* reexamination before the U.S. Patent and Trademark Office ("PTO"). Ameritox filed suit against Millennium for patent infringement in the United States District Court for the District of Maryland on June 23, 2011. Shortly thereafter, Millennium initiated reexamination proceedings before the PTO to challenge the validity of both patents-in-suit. At Millennium's request, the District Court in Maryland stayed the case on July 11, 2012, pending the outcome of the reexaminations. The case subsequently was reopened on June 21, 2013 upon Ameritox's application following the PTO's confirmation of the validity of all the claims in both patents-in-suit, issued June 6, 2013.

However, on May 15, 2013, Millennium filed a second reexamination request with respect to the '680 Patent; on June 6, 2013, Millennium filed a second reexamination request with respect to the '895 Patent. The PTO granted the request for reexamination of the patents-in-suit on July 22, 2013 (for the '895 patent) and on August 6, 2013 (for the '680 patent). The PTO further issued a non-final office action in both reexaminations on November 22, 2013 (for the '895 patent) and December 13, 2013 (for the '680 patent) rejecting all claims asserted by Ameritox in this litigation.

**3.** *Specific Statement of Material Factual and Legal Issues*

    a. Whether the '680 patent is infringed by Millennium, and, if so, whether such infringement is willful.

    b. Whether the '895 patent is infringed by Millennium, and, if so, whether such infringement is willful.

    c. Whether the '680 patent is invalid and/or unenforceable.

    d. Whether the '895 patent is invalid and/or unenforceable.

    e. If either patent-in-suit is valid and infringed, whether a permanent injunction

should issue.

    f. If either patent-in-suit is valid and infringed, what monetary damages Millennium owes Ameritox.

    g. The proper construction of the asserted claims of the patents-in-suit; and

    h. Whether Ameritox has standing to assert the patents-in-suit or whether Marshfield, the owner of the patents-in-suit, should be joined as a necessary and indispensable party and

    **i.** Whether Ameritox or anyone else has practiced the patents-in-suit (offered by Millennium only).

**4.** *A Description of Any Amendments to the Pleadings*

Counsel are not presently aware of the need to amend any pleadings. However, the parties agree to reserve the right to amend their pleadings and/or contentions in view of the resolution of the pending reexaminations of the patents-in-suit.

**5.** *The Identity of any New Parties*

Plaintiff Ameritox contends that it is Marshfield's exclusive licensee of the '680 patent and the '895 patent with "all substantial rights" in the patents-in-suit, such that it has standing to sue and Marshfield does not need to be joined. Defendant Millennium contends that Marshfield failed to transfer to Ameritox "all substantial rights" in the patents-in-suit, and therefore Ameritox does not have standing to sue unless Marshfield is joined. Prior to transfer to this District, Millennium had filed a motion to join Wisconsin-based Marshfield. Rather than resolve Millennium's motion, the Court in the District of Maryland denied the motion without prejudice and chose to transfer at Ameritox's request. The parties do not presently know whether Marshfield intends to join this action voluntarily, thereby mooting this potential joinder dispute, or whether there will be a need

to raise this issue with the Court again.

**6.**     *The Estimated Length of Time Required for Trial*

Plaintiff Ameritox estimates it will take 4-5 trial days to present its case, including its damages and willfulness case. Defendant Millennium estimates it will take 4-5 trial days to present its case.

**7.**     *Other Items*

**A.**     *Electronic Service:*   The parties hereby consent in writing that service by electronic means shall be allowed, provided that such electronic delivery is made to all counsel of record for the opposing party. Service shall be deemed complete upon transmission, provided that the sender does not receive any indication that such electronic transmission was unsuccessful. The parties agree that this written consent shall satisfy the written consent requirement of Fed. R. Civ. P. 5(b)(2)(E). Plaintiff Ameritox additionally proposes that timing shall be governed by Fed. R. Civ. P. 6(d).

**B.**     *Electronic Discovery:*   The parties hereby agree to confer in good faith regarding a more detailed Electronically Stored Information protocol. Defendant Millennium believes that the Document Production Protocol already agreed between the parties in separate litigation pending in the Middle District of Florida, Ameritox, Ltd. v. Millennium Laboratories, Inc., 8-11-cv-00775-SCB-TPM (M.D. Fla.), would be an appropriate starting point for negotiations.

The parties further agree to limit the burden of producing electronically stored information by using reasonable search terms and a reasonable list of document custodians, to be agreed by the parties. The parties further agree to use reasonable measures to obtain discovery, following the guidelines of the Federal Rules of Civil Procedure, including Rule 26(b)(2)(B), regarding the scope of production of electronically stored information and Rule 26(e)(1)

regarding supplementation of production.

The parties agree that rolling productions of documents shall be acceptable. If it is later determined that additional discovery is needed, the parties will work together to facilitate reasonable additional discovery before seeking relief from the Court.

**C.** *Protective Order:* Prior to the production of documents in this case, the parties will seek from the Court the entry of a Protective Order governing confidential information, in a form to be agreed upon by the parties.

**D.** *Privilege Issues:*

The parties agree that the inadvertent production or disclosure of privileged or otherwise protected materials shall not be deemed per se a waiver or impairment of any claim of privilege or protection. The parties will negotiate in good faith a provision concerning inadvertent production in connection with a Proposed Protective Order.

The parties agree that the following do not need to be included on any privilege log provided pursuant to Rule 26(b)(5): any communications and documents generated after June 23, 2011, the filing of the litigation in the District of Maryland, if privileged or protected as work product. Notwithstanding the foregoing, the parties reserve the right to request Rule 26(b)(5)(A) information on a case-by-case basis.

**E.** *Discovery Limits:*

The parties agree to a maximum of 100 requests for admission (excluding requests for admission relating to document authenticity, foundation and translation).

Plaintiff Ameritox additionally proposes that the limitations of the Federal Rules of Civil Procedure should govern discovery in this matter, including the limitations on the number of depositions, and that the 10 depositions permitted by Rule 30(a)(2)(A) shall not include

depositions of expert witnesses.  Defendant Millennium believes that it may be necessary to take more than 10 depositions and proposes that the parties address deposition limits with the Court if the issue arises.  If the Court desires to set a firm limit now, Millennium proposes 15 depositions per party.

Dated this 30th day of December, 2013.

**AMERITOX, LTD.**

By: */s Matthew F. Carmody*

David E. Jones
**PERKINS COIE LLP**
1 East Main Street
Suite 201
Madison, Wisconsin 53703-5118
(608) 663-7478 (phone)
(608) 633-7499 (facsimile)
DEJones@perkinscoie.com

Timothy J. Carroll
Matthew F. Carmody
**PERKINS COIE LLP**
131 S. Dearborn Street
Suite 1700
Chicago, IL  60603-5559
(312) 324-8446 (phone)
(312) 324-9446 (facsimile)
TCarroll@perkinscoie.com
MCarmody@perkinscoie.com

ATTORNEYS FOR PLAINTIFF
AMERITOX, LTD.

**MILLENNIUM LABORATORIES, INC.**

By: */s Steven P. Hollman*

Douglas M. Poland
Jennifer L. Gregor
**GODFREY & KAHN S.C.**
One East Main Street, Suite 500
Madison, WI 53701
Phone: (608) 284-2625
Fax: (608) 257-0609
dpoland@gklaw.com
jgregor@jklaw.com

Steven P. Hollman
Robert B. Wolinsky
Rebecca C. Mandel
**HOGAN LOVELLS US LLP**
555 13th Street, N.W.
Washington, DC 20004
Phone: (202) 637-5672
Fax: (202) 637-5910
steven.hollman@hoganlovells.com
robert.wolinsky@hoganlovells.com
rebecca.mandel@hoganlovells.com

Arlene L. Chow
Bonnie Chen
**HOGAN LOVELLS US LLP**
875 Third Avenue
New York, NY 10022
Phone: (212) 918-3545
Fax: (212) 918-3100
arlene.chow@hoganlovells.com
bonnie.chen@hoganloevlls.com

ATTORNEYS FOR DEFENDANT
MILLENNIUM LABORATORIES, INC.