IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
_____

AMERITOX, LTD. and
MARSHFIELD CLINIC,

    Plaintiffs,                                                       ORDER

    v.                                                              13-cv-832-wmc

MILLENNIUM HEALTH, LLC,

    Defendant.
_____

    Consistent with the telephonic status conference held today on non-party Renee T. Bryan's motion to quash deposition subpoena, filed under seal in this court's Case No. 15-cv-31-wmc, IT IS ORDERED THAT:

1. Plaintiffs' may have until next Tuesday, January 20, 2015, to respond to the motion, which shall include:

    a. what subject areas they still need Ms. Bryan to address;

    b. whether questions related to each subject area were asked and answered in previous depositions of Ms. Bryan, and if not, why not or not fully explored; and,

    c. how long plaintiffs require to conduct Ms. Bryan's deposition.

2. All replies to plaintiffs' submission shall be due on Monday, January 26, 2015, and shall include:

    a. Whether any of the proposed subject areas have already been explored by plaintiffs in earlier depositions already available for use in this lawsuit;

    b. If not or not fully explored, why those questions should have been asked

      during previous depositions of Ms. Bryan; and

   c. If respondent now believes any subjects or questions are appropriately posed to Ms. Bryan in this lawsuit, how long that questioning should take.

3. Without deciding whether it will be necessary, defendant shall make its best efforts to agree upon possible dates for Ms. Bryan's deposition during the second week of February and failing that, the third week of February.

4. The clerk's office is directed to: (a) ensure that all counsel of record in this case, as well as non-party counsel for Ms. Bryan, attorneys Peter Gelhaar and Brendan St. Amant, are listed as attorneys of record in case no. 15-cv-31-wmc; and (b) enter a Text Only Order in that case as follows: "Non-party Renee T. Bryan's motion to quash deposition subpoena (dkt. #2) and declaration of Peter E. Gelhaar (dkt. #3) shall be unsealed. The remaining documents in that case, including exhibits A through H of the Gelhaar declaration (dkt. #3.1-3.8), shall remain sealed until January 21, 2015, unless a request for them to remain under seal by one of the parties. Should such a request be filed on or before January 21, 2015, the requested documents shall remain sealed until further order of the court."

    Entered this 16th day of January, 2015.

                                BY THE COURT:

                                /s/

                                _____
                                William M. Conley
                                District Judge