**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN**

| | |
|---|---|
| AMERITOX, LTD., and MARSHFIELD CLINIC, INC.<br><br>        Plaintiffs/Counterdefendants,<br><br>v.<br><br>MILLENNIUM HEALTH, LLC,<br><br>        Defendant/Counterclaimant. | No. 3:13-cv-0832-WMC |

**PLAINTIFFS' RESPONSE TO
MILLENNIUM HEALTH LLC'S SUPPLEMENTAL
PRETRIAL SUBMISSION REGARDING WILLFULNESS (ECF NO. 396)**

Plaintiffs have now raised Millennium's inability to connect the dots of its willfulness theory several times. Millennium continues to argue its belief that Ameritox falsely advertised the capabilities of its Rx Guardian service (Ameritox's prior service that did not practice the patent) excuses its conduct because Rx Guardian CD (which does practice the patent) was advertised as the "next generation" Rx Guardian. To date, Millennium has not identified (in its interrogatory responses or otherwise) evidence in its possession prior to launching its infringing service that connects Rx Guardian to Rx Guardian CD in such a way that would support a subjective belief that the two services were so related that Millennium presumed Rx Guardian CD was essentially the same as Rx Guardian. The Court has already been given a sense of the volume of exhibits Millennium plans to use to support this theory. Plaintiffs respectfully request that the Court preclude this theory, or at least, before Phase II starts, order Millennium disclose how it plans to connect the dots between Rx Guardian and Rx Guardian CD to support its alleged subjective belief prior to infringement. If Millennium cannot satisfy the Court that it has an evidentiary basis to support its theory, Millennium should be precluded from arguing it to the jury.

Millennium's theory also makes no sense. Millennium wishes to point to "the history of Ameritox's false advertisements regarding the capabilities of the predecessor Rx Guardian and the 'next generation' Rx Guardian CD." ECF No. 396 at 5. However, no such "history" exists. Millennium alleged hundreds of ads were false. In the end, only four ads were found false because the language in those four ads suggested Ameritox could "determine" or "verify" patient dosage compliance with a prescription regimen whereas Ameritox can only "help" determine such compliance. *See* ECF No. 162-20.

Even if such a history did exist, Millennium wishes to point to its strong belief that

Ameritox's advertisements were false, which caused Millennium to engage in "extensive and ongoing efforts in both the marketplace and the courts" rebutting and challenging Ameritox's supposed claims of "determining" dosage compliance. *Id.* In other words, Millennium knew and believed Ameritox's statements were false, but now wants to rely on their truth to support its supposed subjective understanding of the capabilities of Rx Guardian, and by extension, Rx Guardian CD. This theory is not viable and should be stopped before it starts.

In addition to Plaintiffs' global concerns that Millennium's willfulness theory contradicts itself and is unsupported by evidence, several of Millennium's statements in its brief appear contrary to established law. With respect to the objective prong, Millennium argues "evidence from the inventor or Plaintiffs that is consistent with, or supports" Millennium's litigation positions is relevant. *See* ECF No. 396 at 2 n.1. Not so. Other than patentable subject matter, each of Millennium's relevant defenses relied on its failed claim construction. *See* ECF No. 339. Any additional extrinsic evidence is of minimal value – actually irrelevant, where, as here, analysis of the intrinsic record alone is sufficient. *See Vitronics Corp. v. Conceptronic, Inc.*, 90 F. 3d 1576, 1583 (Fed. Cir. 1996). And, instead of expert testimony or contemporaneous dictionaries—traditional extrinsic evidence—Millennium hopes to rely on post-dated competitor emails and advertisements to support its unreasonable claim construction. The Court should adopt Plaintiffs' proposal and decline to hear additional evidence on the objective prong of willful infringement. *See* ECF No. 394 at 4-6.

With respect to the subjective prong, Millennium claims the proper standard is "whether Millennium *credibly* believed, based on what it knew at the time, that the risk of infringement of a valid patent was neither known nor so obvious that it should have been known." *See* ECF No. 396 at 3-4. Millennium has tried to redefine the *Seagate* standard before, but the Court should

look to *Seagate* itself. *See In re Seagate Tech, LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007). The second prong is not the subjective reasonableness of its litigation positions, nor is it the credibility of its belief that the risk of infringement was not known; the *Seagate* standard is whether the objectively defined risk was either "known or so obvious that it should have been known to the accused infringer." *Id.*

Further, Plaintiffs served an interrogatory seeking Millennium's factual and legal bases for its contention that it did not willfully infringed the patent. *See* ECF No. 275-4, at Interrogatory No. 25. With respect to the subjective prong, Millennium identified (1) its contention that it independently developed the infringing graphed results based on research started by Dr. Pesce in 2009 (as described in its supplemental response to Interrogatory No. 22), and (2) its alleged reasonable belief at the time (and today) that the infringing graphed results were unlike the graphs in Rx Guardian CD, such that Millennium did not, and had no intention to, copy Rx Guardian CD. *See id.* Millennium should be held to its disclosure.

To that end, Millennium's evidence regarding the second prong of willfulness can include its independent development story as disclosed in its response to Interrogatory No. 22, beginning with Dr. Pesce's research. However, Plaintiffs have serious concerns about Millennium's second disclosed theory regarding its subjective beliefs about Rx Guardian, Rx Guardian CD, and the relationship between the two. Importantly, in its interrogatory response, Millennium did not disclose how it intends to connect Rx Guardian to Rx Guardian CD. *See* ECF No. 275-4, at Interrogatory No. 25. Without this link, Millennium should be precluded from offering the theory that it subjectively believed Ameritox's "*false* advertisements" *accurately* described Rx Guardian, and Millennium further subjectively believed Rx Guardian CD was essentially the same service as Rx Guardian, such that it believed it was not copying Rx

Guardian CD.[1]

Plaintiffs contend that the evidence will show Millennium did not independently develop its infringing service but instead copied Rx Guardian CD. But even if the jury sides with Millennium on both these issues, the evidence will still show by clear and convincing evidence that Millennium knew or should have known it was infringing a valid patent. The evidence Millennium disclosed in its interrogatory response regarding the second prong of willfulness goes exclusively to whether or not Millennium copied Rx Guardian CD. Plaintiffs moved on this issue and, in response, Millennium conceded that "Millennium has not sought to – and does not intend to – argue that Plaintiffs necessarily must prove copying in order to succeed on their willfulness claim." ECF No. 347 at 7. While Millennium agrees copying and willful infringement are not coextensive, the only evidence Millennium can rely on to rebut willful infringement is evidence suggesting it did not copy Rx Guardian CD—this is all that was disclosed to Plaintiffs during discovery.

Plaintiffs contend Millennium's disclosed independent development theory is fair game for trial to rebut evidence that Millennium copied Rx Guardian CD. But, as discussed previously and further articulated above, Millennium did not sufficiently disclose its second theory regarding subjective copying in its interrogatory response (or anywhere else even at this point). Plaintiffs have serious concerns about Millennium's second disclosed theory regarding its subjective beliefs about Rx Guardian, Rx Guardian CD, and the relationship between the two. Millennium should be limited to only the theories that it disclosed during discovery.

---

[1] Other evidence relevant to the second prong of willfulness is any evidence concerning whether Millennium reviewed the asserted patent and evidence concerning whether Millennium sought and relied on advice of counsel. In this case, however, Millennium did review the asserted patent prior to infringement and did not seek or rely on any advice of counsel. If Millennium had evidence rebutting these facts, it could be relevant, but Millennium has no such evidence.

Dated: April 12, 2015

By: /s/ *David E. Jones*
David E. Jones

David Edwin Jones
**Perkins Coie LLP**
One East Main Street, Suite 201
Madison, WI 53703-5118
Phone: (608) 663-7460
Fax: (608) 663-7499
Email: DEJones@perkinscoie.com

Michael R. Osterhoff
Tiffany P. Cunningham
Adam L. Marchuk
Mark T. Smith

**PERKINS COIE LLP**
131 S. Dearborn Street, Suite 1700
Chicago, IL 60603-5559
Phone: (312) 324-8400
Fax: (312) 324-9400
MOsterhoff@perkinscoie.com
TCunningham@perkinscoie.com
AMarchuk@perkinscoie.com
MarkSmith@perkinscoie.com

*Attorneys for Plaintiff/Counterdefendant Ameritox, Ltd.*


By: /s/ *Kimberly Dodd*
Kimberly Dodd

Naikang Tsao
Kimberly Dodd
**FOLEY & LARDNER LLP**
150 East Gilman Street
Suite 5000
Madison, Wisconsin 53703-1482
(608) 258-4250 (phone)
ntsao@foley.com
kdodd@foley.com

*Attorneys for Plaintiff/Counterdefendant Marshfield Clinic, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 12th day of April, 2015, the foregoing **Plaintiffs' Response to Millennium Health LLC's Supplemental Pretrial Submission in Support of its Motion *in Limine* to Exclude Expert Testimony of Carl Degen** was served upon counsel for Millennium Health, LLC via email to the counsel listed below:

Steven P. Hollman
Robert B. Wolinsky
Rebecca C. Mandel (*pro hac vice)*
HOGAN LOVELLS US LLP
555 13th Street, N.W.
Washington, D.C. 20004
(202) 637-5672 (Telephone)
(202) 637-5910 (Fax)
steven.hollman@hoganlovells.com
robert.wolinsky@hoganlovells.com
rebecca.mandel@hoganlovells.com

Arlene L. Chow (*pro hac vice*)
Bonnie Chen (*pro hac vice*)
HOGAN LOVELLS US LLP
875 Third Avenue
New York, NY 10022
(212) 918-3000 (Telephone)
(212) 918-3100 (Fax)
arlene.chow@hoganlovells.com
bonnie.chen@hoganlovells.com

Douglas M. Poland
Jennifer L. Gregor
GODFREY & KAHN, S.C.
One East Main Street, Suite 500
Madison, WI 53701-2719
Phone: (608) 284-2625
Fax: (608) 257-0609
dpoland@gklaw.com
jgregor@gklaw.com

*Attorneys for Defendant/Counterclaimant*
*Millennium Health, LLC*

/s/ *Mark Thomas Smith*