IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

AMERITOX, LTD., and
MARSHFIELD CLINIC,

                Plaintiffs,                      ORDER

    v.

                                                    13-cv-832-wmc

MILLENNIUM HEALTH, LLC.

                Defendant.

---

      Before the court is defendant Millennium Health, LLC's supplemental pretrial submission in support of its motion in limine to exclude expert testimony of Carl G. Degen, plaintiffs' damages expert. (Dkt. #397.) In the motion, Millennium argues that the court should exclude Degen's opinion because he relied on information from Ameritox employees who lacked personal knowledge, rendering that information unreliable.

      The court already dealt with this objection during the final pretrial conference, and defendant's supplemental submission offers nothing new. As the court explained in the hearing, the court will not strike Degen's *expert* testimony based on his assessment that he could rely on Dr. Lieder's statements about the U.D. Testing license without going to the original source of that information -- Ameritox's founder Joel McEndree who negotiated the U.D. Testing license.

      While the court did question whether Lieder could testify directly based on what he learned about the earlier negotiation of the U.D. Testing license, it appears that Mr. McEndree will be able to provide dirct testimony, making what information Degen received indirectly about McEndree's negotiations essentially a moot point.

As for both Lieder and Gardner, the court determined that both could testify as to how the license worked in practice during their tenure with the company, leaving to the jury to decide the possible relevance that may have as to the likely negotiation and implementation of the U.D. Testing license.

Putting aside the issue of *who* can provide testimony about the negotiations surrounding the U.D. Testing license, in response to defendant's motion, plaintiffs direct the court to: (1) other information -- namely a 2004 Program Testing Service Agreement -- on which Degen relied in forming his opinion about Ameritox "obtain[ing] a license to a commercial-ready technology demonstrated in an existing UDT product"; and (2) Degen's own experience in intellectual property rights to support his opinion that the third-year rate was most comparable to the hypothetical negotiation here. (Pls.' Resp. (dkt. #400) 2-3.) In combination, if not alone, this additional information provides a sufficient foundation for Degen's expert opinions to be admissible under Rule 703. The concerns raised by defendant simply go to the weight the jury may assign to those opinions.

Entered this 15th day of April, 2015.

                              BY THE COURT:

                              /s/
                              _____
                              WILLIAM M. CONLEY
                              District Judge