IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

AMERITOX, LTD., and
MARSHFIELD CLINIC, INC.,

                      Plaintiffs,                OPINION AND ORDER

   v.

                                                    13-cv-832-wmc

MILLENNIUM HEALTH, LLC,

                      Defendant.

Having obtained a jury verdict for $8.6 million, plaintiffs Ameritox, Ltd., and Marshfield Clinic, Inc., now move for the entry of a permanent injunction against defendant Millennium Health, LLC's to prevent future use of U.S. Patent No. 7,585,680 ("the '680 patent"). (Dkt. #451.) For the reasons that follow, the court finds such an injunction unnecessary. Accordingly, the court will deny the motion.

BACKGROUND[1]

On March 6, 2015, the court found on summary judgment that Millennium infringes the '680 patent by offering graphed comparative results in its RADAR Report. On March 9, 2015, Millennium represented to the court that it had ceased this infringement. (*See* 4/17/15 Trial Tr. (dkt. #446) 246:8-20.) Despite this, Millennium apparently displayed the infringing graphed comparative results in RADAR Reports during the National Council of Behavioral Health Trade Show (the "Trade Show") held

---

[1] This opinion assumes a general knowledge of the technology relevant to this patent, having addressed both at length earlier in this case. *See, e.g.,* 2/19/15 Op. & Order (dkt. #215).

on April 20-22, 2015.  (Declaration of Monica I. Fileger ("Fileger Decl."), Ex. 2 (dkt. #452-2) at ¶¶ 3-8.)

At the time of the Trade Show, the parties were in the middle of a jury trial in this court on the validity of the '680 patent, as well as possible damages.  Plaintiffs moved orally for a permanent injunction.  The court issued an order from the bench holding that the issue would be addressed by way of post-trial motion and briefing.  (4/20/15 Trial Tr. (dkt. #448) 288:24-291:23.)  Plaintiffs maintain that this single violation at the Trade Show warrants the grant of a permanent injunction.

The court disagrees.  To cut to the chase, the relief sought by plaintiffs is disproportionate to the purported violation (and threat of future violations).  Plaintiffs' motion is a classic case of overreach, especially in circumstances where defendant has discontinued using the infringing graph and commenced distributing new materials. (Def.'s Surreply (dkt. #495-1) 13-17.)[2]

OPINION

To succeed in a motion for permanent injunction, "[a] plaintiff must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is

---

[2] The court will grant Millennium's motion for leave to file a surreply (dkt. #495), finding such a submission warranted in light of new arguments raised in plaintiffs' reply concerning the next generation RADAR 2.0 report.  Also, plaintiffs do not offer any meaningful opposition to Millennium's motion (dkt. #505); instead, they use their opposition brief as a vehicle to amplify existing arguments.

warranted; and (4) that the public interest would not be disserved by a permanent injunction." *eBay Inc. v. MercExchange*, LLC, 547 U.S. 388, 391 (2006).  Even after establishing infringement of a valid patent, both the Supreme Court and the Federal Circuit have recently cautioned that "an injunction is a drastic and extraordinary remedy, which should not be granted as a matter of course." *Apple Inc. v. Samsung Elec. Co.*, 735 F.3d 1352, 1359 (Fed. Cir. 2013) (citing *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139 (2010)).

### A.  Irreparable injury

Plaintiffs contend correctly that "the court's power to grant injunctive relief survives" defendant's "discontinuance of the illegal conduct." *United States v. W.T. Grant Co.*, 345 U.S. 629, 633 (1953).  This general proposition, though, provides little guidance as to why the court should revisit its decision not to impose such relief here.

More specifically, plaintiffs argue that Millennium's failure to inform its employees that the graphed results constitute patent infringement will lead to future infringement and irreparable injury.  *Gann v. SEC*, 361 F. App'x 556, 560 (2d. Cir. 2010) (per curiam) (treating refusal to acknowledge wrongdoing as an aggravating factor such that if defendant "doesn't know right from wrong . . . how can he avoid wrongdoing in the future?").    Unlike *Gann*, however, Millennium represents not only that its infringement at the Trade Show was inadvertent and unintended, but wholly isolated.  Certainly, there is no evidence of further use of infringing product since April 22, 2015, even in a marketing context.  This, coupled with the fact that Millennium has now

launched a new report -- that does not use the (comparative) infringing graph -- continues to militate against the need for injunctive relief.

If ongoing infringement had been such a concern for plaintiffs, one might reasonably ask why plaintiffs failed to seek a preliminary injunction earlier in the litigation.  To move for a permanent injunction during the trial/post-trial phase of the proceedings at least suggests a lack of urgency, if not a lack of ongoing injury.  Indeed, plaintiffs did not even move for summary judgment for infringement during the pre-trial phase.  "Equity aids the vigilant, not those who slumber on their rights." *Elmendorf Support Servs. Joint Venture v. United States*, 105 Fed. Cl. 203, 210 (Fed. Cl. 2012); *see also LaForge & Budd Const. Co., Inc. v. United States*, 48 Fed. Cl. 566, 570 (Fed. Cl. 2001).  Granted plaintiffs' pending motion was triggered by the Trade Show display, but plaintiffs have come forward with no evidence suggesting this was anything more than the innocent, isolated incident it appears to be.

## B.  The Adequacy of Monetary Damages

Plaintiffs also maintain that the sizable damages award obtained at trial is inadequate because Ameritox and Millennium are direct competitors.  *See, e.g., Bianco v. Globus Med., Inc.*, No. 2:12-cv-147, 2014 WL 1049067, at *5-6 (E.D. Tex. Mar. 17, 2014).  While this is a factor that perhaps weighs in favor of plaintiffs' motion, it ignores that Millennium has been forced to roll out a new, non-infringing RADAR Report after being accused and found to infringe Ameritox's patent.  Absent meaningful evidence of noncompliance, plaintiffs have failed to demonstrate damage to an intangible good which

4

would warrant non-monetary relief.  As such, this court remains unconvinced that a permanent injunction is necessary.

### C.  The Balance of Hardships

Plaintiffs argue that if Millennium believes there is *no chance* it might practice the claimed method in the future, then an order directing it not to do so *cannot* cause harm. While this argument strikes the court as at least a bit vapid, plaintiffs cite to a statement in *Lettuce Entertain You Enters., Inc. v. Talk of the Town Restaurants, Inc.*, No. 6:12-cv-1556, 2014 WL 2548134 (M.D. Fla. June 5, 2014), in which the court observed that the "balance of hardships favors Plaintiff in large part because [Defendants] are not currently" engaging in the infringing conduct. *Id*. at *2.  Tellingly, however, in *Talk of the Town*, the defendants *did not* represent that they would stop using the purported trademark at the end of trial.  *Id*.  On the contrary, the court found that there was an "ongoing threat" after trial that defendant would continue to use the name "Wildfire" as a trade name.  *Id.*

Regardless, the balance of hardship between plaintiffs and Millennium is different from that in *Talk of the Town*.  Here, Millennium *does* represent that it will stop using the infringing materials and, with an isolated exception, has made good on its representation. Because of this, the court is content that the new RADAR Report demonstrates Millennium's *bona fides* to cease infringement of the '680 patent, despite the inadvertent use on April 20-22, 2015.  This tempers plaintiffs' need for injunctive relief.  *Apple*, 735 F.3d at 1374-75 ("[T]he undisputed evidence shows that Samsung has stopped selling the products . . . and there is no evidence suggesting that Samsung will resume selling

them. Under these circumstances, we cannot say that the district court abused its discretion in denying Apple's request for an injunction.").

In contrast, the grant of permanent injunctive relief in favor of plaintiffs would place Millennium under an ongoing microscope in a competitive marketplace with no likelihood of further infringement given its adoption of a new RADAR Report. This also contrasts with the injunctive relief granted in *Talk of the Town*, which was narrowly tailored: defendant was only prevented from using the registered name of the trademark, "Wildfire." 2014 WL 2548134, at *2. Here, the scope of the plaintiffs' requested relief is broad and would heighten the hardship imposed on Millennium. This is addressed more fully below with respect to the final factor -- *i.e.,* the public interest.

### D. Public Interest

Millennium contends that plaintiffs' proposed injunction would have the effect of depriving the public of access to the non-infringing features of Millennium's historical results graph. *See Apple*, 735 F.3d at 1372-73 (considering "the scope of Apple's requested injunction relative to the scope of the patented features and the prospect that an injunction would have the effect of depriving the public of access to a large number of non-infringing features"). This contention has merit.

Just like the relief sought by the patentee in *Apple*, the scope of plaintiffs' requested injunction relative to the scope of the patented features is disproportionate. (Declaration of Michael R. Osterhoff, Ex. 1 (dkt. #453-1).) Plaintiffs are not entitled to an injunction with respect to the historical results -- as displayed in the new RADAR Report) -- because this aspect of the invention was never specifically claimed in its

6

infringement contentions.  (*See, e.g.*, Pls.' Supp. Infringement Contentions (dkt. #129-4).)

Moreover, what lay at the core of the court's infringement analysis was the display of a comparative graph in the infringing RADAR Report, not historical results.  (3/6/15 Op. & Order (dkt. #256) 2, 4-6.)  Because plaintiffs' requested injunction may have the effect of impinging on non-infringing aspects of the new RADAR Report, they fail to show that the public interest weighs in favor of a grant of a permanent injunction.  *See Forest Labs., Inc. v. Invax Pharms., Inc.*, 501 F.3d 1263, 1271-72 (Fed. Cir. 2007).

Since none of the factors weigh in favor of granting plaintiffs' motion for permanent injunction, the motion for injunctive relief will be denied.

## ORDER

IT IS ORDERED that:

1)  Defendant's motion (dkt. #495) to file surreply is GRANTED; and

2)  Plaintiffs' motion (dkt. #451) for permanent injunction is DENIED.

Entered this 19th day of June, 2015.

BY THE COURT:

/s/

_____

William M. Conley
District Judge