IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

AMERITOX, LTD., and
MARSHFIELD CLINIC, INC.,

                        Plaintiffs,                          OPINION AND ORDER

        v.                                                        13-cv-832-wmc

MILLENNIUM HEALTH, LLC,

                        Defendant.

---

In this patent lawsuit, there are still two, post-trial motions pending before this court, both brought by plaintiffs Ameritox Ltd. and Marshfield Clinic, Inc., and then stayed by virtue of defendant Millennium Health, LLC's filing for Chapter 11 protection in the United States Bankruptcy Court for the District of Delaware, Case No. 15-12284. (Dkt. #523.)  Having received notice from the Bankruptcy Court that plaintiffs' claim may proceed (dkt. #524), the court now takes up those motions.

In the first motion, plaintiffs seek prejudgment interest and enhanced damages pursuant to 35 U.S.C. § 284.  (Dkt. #462.)  In light of the United States Supreme Court's recent decision in *Halo Elec., Inc. v. Pulse Elec., Inc.*, No. 14-1513 (U.S. June 13, 2016), the court will reserve on plaintiffs' renewed request for enhanced damages pending supplemental briefing on the impact of this intervening change in controlling law in light of the court's prior decisions on plaintiffs' willful infringement claim and the jury's determination that the subjective prong of the now-rejected test was satisfied.  In this opinion and order, however, the court will award prejudgment interest, calculated on the total damages award from the first date of infringement, at the prime rate, compounded annually.

In the second motion, plaintiffs seek attorneys' fees, expert witness fees and additional expenses under 38 U.S.C. § 285 and this court's inherent authority.  (Dkt. #465.)  While this proves a closer question in light of the change in law after *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S. Ct. 1749 (2014), the court will nonetheless deny that motion.[1]

BACKGROUND

In this case, plaintiffs alleged that Millennium infringed two patents, U.S. Patent No. 7,585,680 ("the '680 patent") and No. 7,785,895 ("the '895 patent").  At summary judgment, this court granted defendant Millennium Health, LLC's motion for summary judgment on the '895 patent, finding it invalid under 35 U.S.C. § 101, but denied the same motion as to the '680 patent.  (2/19/15 Op. & Order (dkt. #215) 2.)  After additional briefing on infringement of the '680 patent, the court granted summary judgment in plaintiffs' favor, finding infringement of claims 1, 2, 4-7, 10 and 16-18 of that patent.  (3/6/15 Op. & Order (dkt. #256).)

The court then proceeded to trial on (1) certain invalidity challenges to the '680 patent, (2) damages, and (3) willfulness.  The jury found that Millennium had not proven that the asserted claims of the '680 patent were invalid, and awarded damages for

---

[1] Millenniums filed a motion for leave to file a sur-reply in opposition to both post-trial motions. The bulk of the motion addresses plaintiffs' motion for attorney's and other fees under § 285. Because the court will deny that motion, the court will deny defendant's motion for leave to file a sur-reply as moot.  The court, however, notes Millennium's position that Federal Circuit precedent governs the interest rate determination for an award of prejudgment interest under § 284.  Whether that determination is governed by Federal or Seventh Circuit law is of no import, however, since both courts approve of the use of the prime rate as explained below.

infringement in the amount of $8,652,760.  (Verdicts (dkt. ##414, 430).)  As for the willful infringement claim, the court found as a matter of law that at least one of defendant's infringement defenses was objectively reasonable, and therefore plaintiff's claim failed under the objecting prong of the willfulness test established by *In re Seagate Technology, LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007) (*en banc*).  (4/17/15 Op. & Order (dkt. #420).)  Nonetheless, the court allowed the jury to consider whether the subjective prong was satisfied, and they advised that it was.  (Advisory Verdict (dkt. #431).)

OPINION

## I. Motion for Prejudgment Interest and Enhanced Damages Under § 284

### A. Prejudgment Interest

Title 35 U.S.C. § 284 governs the award of prejudgment interest in patent infringement claims.  "In the typical case an award of prejudgment interest is necessary to ensure that the patent owner is placed in as good a position as he would have been in had the infringer entered into a reasonable royalty agreement."  *Gen. Motors Corp. v. Derex Corp.*, 461 U.S. 648, 655 (1983).  As such, "prejudgment interest should be awarded under § 284 absent some justification for withholding such an award."  *Id.* at 657; *see also Energy Transp. Grp., Inc. v. William Demant Holding A/S*, 697 F.3d 1342, 1358 (Fed. Cir. 2012) ("The award of pre-judgment interest is the rule, not the exception.") (quotation and citation omitted).

Millennium does not dispute that an award of prejudgment interest is appropriate in this case.  Rather, it challenges plaintiffs' calculations, arguing that "[a]t every step," they "choose the measure that produces the highest result, from the interest rate to whether and how frequently to compound."  (Def.'s Opp'n (dkt. #497) 7.)    Even so, the parties do agree that the determination of an appropriate prejudgment interest award turns on three key inputs: (1) whether interest should be calculated based on the total damages award, as if the jury awarded a lump sum royalty, or based on annual sales, as if the jury awarded a running royalty; (2) the appropriate interest rate; and (3) whether and how frequently to compound the interest.

*First*, as to the issue of a fixed or running royalty, the parties agree that the damage period started on June 2, 2011, the date of first infringement (*see* PX63), and ended on April 27, 2015, the date of judgment (*see* dkt. #441).  *See Nickson Indus., Inc. v. Rol Mfg. Co., Ltd.*, 847 F.2d 795, 800 (Fed. Cir. 1988) ("Generally, prejudgment interest should be awarded from the date of infringement to the date of judgment.").  As for how interest should be calculated during this period, plaintiffs begin in their opening brief with the total amount of damages, $8,642,760, and the number of years of infringement, 3.9 years, then make various calculations based on different, possible interest rates.  In its opposition, defendant agues that this approach rests on the faulty assumption that all of the infringing sales occurred on the first day of infringement rather than overtime as was actually the case, arguing instead that "prejudgment interest should be calculated by examining Millennium's infringing sales and apportioning interest based on when those sales actually occurred."  (Def.'s Opp'n (dkt. #497) 8.)

4

While defendant's criticism appears facially correct, Millennium offers no evidence as to when its infringing sales were actually made, information that was readily available had it wished to propose an alternative calculation. Instead, as plaintiffs point out, Millennium "assumes the hypothetical license would have been structured to require four equal lump sum royalty payments and further arbitrarily picks four, roughly-equal time periods." (Pls.' Reply (dkt. #512) 5.) Presumably, Millennium chose this method because it resulted in a smaller interest amount, or (less cynically) was simpler than doing the calculations required for an actual running royalty amount based on its own sales records. At minimum, Millennium could have easily offered evidence that the actual sales fell roughly equally over the relevant time period. Having neither done the actual calculations, nor justified its simple approximation with some underlying data, it is not at all clear why the court should adopt a more forgiving method of calculating interest, particularly considering Millennium's position as the legally adjudicated infringer.

Moreover, plaintiff further argues that the parties *could* have agreed on a lump-sum, upfront royalty payment, which further undermines Millennium's core argument that requiring prejudgment interest based on a hypothetical payment on the first day of infringement is somehow unfair or contrary to common sense. Regardless, given the lack of evidence as to when infringing sales were actually made (at least in a form the court could rely upon), on which Millennium as the infringer should bear the burden of uncertainty, *see Bigelow v. RKO Radio Pictures*, 327 U.S. 251, 265 (1946), the court will award damages as if the $8.6 million jury award were a lump sum royalty payable on the first day of infringement, June 2, 2011.

5

*Second*, the parties argue about the appropriate interest rate.  Keeping in mind that the purpose of § 284 is to "put [plaintiffs] in the position [they] would have been absent the infringement," *Douglas Dynamics, LLC v. Buyers Prods. Co.*, No. 09-CV-261-WMC, 2014 WL 7409503, at * 11 (W.D. Wis. Dec. 31, 2014), plaintiffs propose several possible rates, although all amount to roughly 4%.  For example, plaintiffs propose that the court could use the average actual borrowing rate for the relevant period, calculated at 3.99867%.  Alternatively, plaintiffs look to Wisconsin's statutory interest rate on a verdict, which is the prime rate plus 1% or 4.25%.  *See* Wis. Stat. § 814.04(4).  Finally, plaintiffs propose that the court could use the prime interest rate itself of 3.25%.

In opposition, defendant urges the court to adopt the Treasury Bill rate, arguing somewhat inexplicably that the court should not award plaintiffs for any "risk of loss" built into both the prime rate and the other rates proposed by plaintiffs.  The court finds defendant's argument wholly unpersuasive.  In order to place plaintiffs back in the position they would have been had Millennium not infringed, the court necessarily considers the time value of money, and the actual borrowing rate is a reasonable (indeed, conservative) method for taking this into consideration, at least absent evidence of plaintiffs' actual return on investment during the damage period.

Accordingly, the court will follow the practice approved by the Federal Circuit and Seventh Circuit, which is also consistent with its own practice, by awarding prejudgment interest based on the prime rate.  *See Uniroyal, Inc. v. Rudkin-Wiley Corp*., 939 F.2d 1540, 1545 (Fed. Cir. 1991) (explaining that district court "is afforded wide latitude in the selection of interest rates" and "may award interest at or above the prime rate"); *First*

*Nat. Bank of Chicago v. Standard Bank & Trust*, 172 F.3d 472, 480 (7th Cir. 1999) (ordinarily, to "award something other than the prime rate is an abuse of discretion"); *Partington v. Broyhill Furniture Indus., Inc.*, 999 F.2d 269, 274 (7th Cir. 1993) (in federal cases, "district judges should use the prime rate" for prejudgment interest); *see also Chesemore v. Alliance Holdings*, No. 09-cv-413, 2014 WL 4415919, at *8 (W.D. Wis. Sept. 5, 2014); *Nat'l Pasteurized Eggs, Inc. v. Michael Foods, Inc.*, No. 10-cv-646-wmc, slip op. at *36 (W.D. Wis. Mar. 29, 2013) (dkt. #550).[2]

*Third*, the court has been left to decide whether the interest rate should be compounded, and if so, whether to compound on an annual or quarterly basis. As an initial matter, the court agrees with plaintiffs that compounding is necessary for full compensation. (Pl.'s Opening Br. (dkt. #463) 3.) Indeed, Millennium does not oppose compounding, but rather urges the court to do so on an annual, rather than quarterly basis. In its reply brief, in the interest of compromise and simplification of the calculation, plaintiffs state that they agree to annual compounding, which also seems appropriate to the court.

With each of these three factors in mind, the court will award prejudgment interest in the amount of $1,148,164.21. (*See* Pls.' Opening Br. (dkt. #463) 7 n.8.)

---

[2] While it is within the court's discretion to award the higher interest rate of 4%, either based on the Wisconsin statutory rate or the actual borrowing rate, the court selects the lower prime rate of 3.25%, in part, because the lower interest rate helps ameliorate any prejudice to defendant in calculating interest on the total damages award from the date of first infringement, rather than some allocation of sales on an annual, quarterly or other running basis.

### B. Enhanced Damages

As indicated above, the court will reserve on this portion of the motion pending additional briefing on the impact of the new standard for a willful infringement claim announced in *Halo Elec., Inc. v. Pulse Elec., Inc.*, No. 14-1513 (U.S. June 13, 2016). Plaintiffs' brief is due on or before July 29, 2016. Defendant's response is due August 12, 2016. Both briefs are limited to no more than 10 pages each. There will be no reply unless requested by the court.

## II. Motion for Attorneys' Fees and Costs as an Exceptional Case

"The court in exceptional cases may award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285. While this standard used to require "material [and] inappropriate conduct related to the matter in litigation," *Brooks Furniture Mfg., Inc. v. Dutailier Int'l, Inc.*, 393 F.3d 1378, 1381 (Fed. Cir. 2005), the Supreme Court recently held in *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S. Ct. 1749 (2014), that "an 'exceptional' case is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Id.* at 1756. In formulating this standard, the Supreme Court expressly rejected the Federal Circuit's standard as "overly rigid" and "inherently inflexible," concluding instead that district courts may award fees even where unreasonable conduct was "not necessarily independently sanctionable." *Id.* at 1756–57.

8

Plaintiffs posit a laundry list of reasons for awarding fees, ranging from the court's findings that defendant's claims construction and related infringement defense were objectively unreasonable to the jury's rejection of defendant's invalidity defenses and advisory finding that the subjective prong of their willfulness claim was met.  Defendant responds with its own lengthy list of why this case is not exceptional for purposes of awarding attorney's fees and other costs.

While the modified standard announced in *Octane Fitness* makes this a closer question, the court does not find this case to be exceptional for purposes of awarding fees, at least when viewed in its entirety.  While plaintiffs certainly prevailed on their claim of infringement of the '680 patent, the court invalidated plaintiffs' '895 patent under § 101.  This determination, as well the court's finding that Millennium's invalidity defense under § 103 was objectively reasonable, provides a sufficient basis for denying plaintiff's request.   To fault defendant for advancing other positions that this court ultimately found lacked merit, whether under 38 U.S.C. § 285 or this court's inherent authority, would make no more sense than sanctioning plaintiffs for pursuing claims under the '895 patent, at least absent some indicia of unreasonableness beyond the ordinary.[3]

---

[3] To the extent that the United States Supreme Court's recent decision in *Kirtsaeng v. John Wiley & Sons, Inc.*, 136 S. Ct. 1979, 1988-89 (2016), establishing the standard for considering an award of fees in a copyright infringement case under 17 U.S.C. § 505, *might* have some import in the patent context, the court also has considered whether other considerations beyond the reasonableness of defendant's positions would warrant an award of fees, and finds none.

ORDER

IT IS ORDERED that:

1) Plaintiffs Ameritox Ltd. and Marshfield Clinic, Inc.'s motion for prejudgment interest and enhanced damages pursuant to 35 U.S.C. § 284 (dkt. #462) is GRANTED IN PART AND RESERVED IN PART. The court awards prejudgment interest in the amount of $1,148,164.21, and reserves on plaintiff's motion for enhanced damages pursuant to § 284 pending supplemental briefing. Plaintiffs' brief is due on or before July 29, 2016; defendant's response is due August 12, 2016. No reply. Both briefs are limited to 10 pages.

2) Plaintiffs' motion for attorneys' fees, expert witness fees and additional expenses (dkt. #465) is DENIED.

3) The clerk of court is directed to amend the final judgment to include this award of prejudgment interest.

Entered this 15th day of July, 2016.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge